WRIGHT, FINLAY & ZAK, LLP
Christopher L. Benner, Esq.
Nevada Bar No. 008963
5532 South Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
cbenner@wrightlegal.net
(702) 475-7964; Fax: (702) 946-1345
*Attorney for Defendant, Ocwen Loan Servicing, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KORONIK, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC, a foreign limited liability company; ROBERT PELLEGRINO, an Individual; THERESA PELLEGRINO, an Individual, DOES 1 through 10; and ROE CORPORATIONS 1 through 10, Inclusive,<br><br>Defendants. | Case No.:<br><br><br>**PETITION FOR REMOVAL** |

**TO: THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA:**

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Ocwen Loan Servicing, LLC, (hereinafter "Ocwen"), by and through its attorney of record, Christopher L. Benner, Esq. of the law firm of Wright, Finlay & Zak, LLP, hereby removes this action to the United States District Court, and in support thereof, states as follows:

1. The ground for this removal is diversity of citizenship pursuant to 28 U.S.C. § 1332.
2. Removal from State Court to this Court is proper in this case as this District embraces the place where the action is currently pending, 28 U.S.C. § 1441(a).
3. Complete diversity exists as follows:
    a. Plaintiff admits to being a resident of the State of Nevada.

b. Ocwen is a Delaware limited liability company with its principal place of business in Florida. The citizenship of a limited liability company is determined by the citizenship of each member of the company. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) At the present time, and at the time of the commencement of this action, Ocwen is and was a wholly owned subsidiary of Ocwen Financial Corporation, shown by Exhibit A, and therefor takes the citizenship of its only member, Ocwen Financial Corporation, which is incorporated in Florida and has its principal place of business in Georgia, per Exhibit B. Therefore, Ocwen is deemed a citizen of the States of Florida and Georgia for the purposes of diversity citizenship jurisdiction.

c. Defendant, Robert Pellegrino, as alleged by Plaintiff, in the Complaint, at para. 3, "is and was at all times relevant herein, a resident of Las Vegas, Clark County, Nevada." Ocwen however is informed and believes that Defendant, Robert Pellegrino, is a sham defendant and/or improperly or fraudulently joined as a Defendant in this case. Pursuant to N.R.S. 116.31166, the foreclosure by the Homeowner's Association vested in Plaintiff, the title of the unit's owner, without equity or right of redemption. N.R.S. 116.31166(3). The Foreclosure Deed recorded in the herein case is conclusive against the unit's former owner, his or her heirs, and assigns. N.R.S. 116.31166(2). Based on N.R.S. 116.31166 et seq., Plaintiff does not have any legal requirement to quiet title or seek declaratory relief against the prior titleholder of the Property. Since, the legal necessity to quiet title and seek declaratory relief is lacking against Defendant, Robert Pellegrino, the inclusion of him is improper or fraudulent and was merely done to defeat diversity of citizenship in this case. The causes of action pled in the Complaint do not allege any specific cause of action against the previous titleholders (Robert and Theresa Pellegrino) and the main goal of the Complaint is to seek a judicial

determination extinguishing Ocwen's Lien. Homeowner's association liens on assessments can generally be foreclosed upon pursuant to a power of sale found in the recorded declaration of restrictions.[1] Section 117.070 states that sales shall be conducted in accord with the provisions of Covenant Nos. 6, 7, and 8 of N.R.S. 107.030, if consistent with N.R.S. 117.075, or in any matter permitted by law. The latter would include the foreclosure scheme used by Plaintiff pursuant to N.R.S. 116.3116, 116.31162-1116.31168, and 116.311635.[2] Covenant 6 of N.R.S. 107.030 provides that a trustee's non-judicial foreclosure shall be conducted in accord with N.R.S. 107.080.

    d. Defendant, Theresa Pellegrino, as alleged by Plaintiff, in the Complaint, at para. 3, "is and was at all times relevant herein, a resident of Las Vegas, Clark County, Nevada." Ocwen however is informed and believes that Defendant, Theresa Pellegrino, is a sham defendant and/or improperly or fraudulently joined as a Defendant in this case. Pursuant to N.R.S. 116.31166, the foreclosure by the Homeowner's Association vested in Plaintiff, the title of the unit's owner, without equity or right of redemption. N.R.S. 116.31166(3). The Foreclosure Deed recorded in the herein case is conclusive against the unit's former owner, his or her heirs, and assigns. N.R.S. 116.31166(2). Based on N.R.S. 116.31166 et seq., Plaintiff does not have any legal requirement to quiet title or seek declaratory relief against the prior titleholder of the Property. Since, the legal necessity to quiet title and seek declaratory relief is lacking against Defendant, Theresa Pellegrino, the inclusion of her is improper or fraudulent and was merely done to defeat diversity of citizenship in this case. The causes of action pled in the Complaint do not allege any specific cause of action against the previous titleholders (Robert and Theresa Pellegrino) and the main goal of the Complaint is to seek a judicial

---

[1] N.R.S. 117.070 and N.R.S. 117.075.
[2] The Notice of Delinquent Assessment Lien was given pursuant to N.R.S. 117.070 or N.R.S. 116.3116 et seq., N.R.S. 116.3116-116.31168, and the CC&Rs.

determination extinguishing Ocwen's Lien. Homeowner's association liens on assessments can generally be foreclosed upon pursuant to a power of sale found in the recorded declaration of restrictions.[3] Section 117.070 states that sales shall be conducted in accord with the provisions of Covenant Nos. 6, 7, and 8 of N.R.S. 107.030, if consistent with N.R.S. 117.075, or in any matter permitted by law. The latter would include the foreclosure scheme used by Plaintiff pursuant to N.R.S. 116.3116, 116.31162-1116.31168, and 116.311635.[4] Covenant 6 of N.R.S. 107.030 provides that a trustee's non-judicial foreclosure shall be conducted in accord with N.R.S. 107.080.

e. DOES and ROES are to be disregarded in the court's determination of diversity jurisdiction. McCabe v. General Foods Corporation, 811 F.2d 1336, 1339 (9th Cir. 1987).

f. With respect to the amount in controversy requirement, the Complaint seeks in equity to extinguish any claims or interests secured against the real property commonly known as 1809 Calle De Vega, Las Vegas, Nevada 89102. Plaintiff is seeking to quiet title and extinguish Ocwen's Lien. The amount in controversy is measured for jurisdictional purposes by the amount of damages or *the value of the property that is the subject of the action.* Hunt v. Washington State Apple Advertising Conn'n, (1977) 432 US 333, 347-348, 97 S.Ct. 2434, 2443-2444; Meisel v. Allstate Indem. Co., (E.D. CA 2005) 357 F.Supp.2d 1222, 1225. In actions seeking declaratory relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. Cohn v. Petsmart, 281 F.3d 837, 840 (9th Cir. 2002). Upon information and belief the Complaint seeks in excess of $75,000.00, which is based on fact that the amount of Wells Fargo's Lien, wherein Plaintiff is trying to extinguish, exceeds $376,000.00.

---

[3] N.R.S. 117.070 and N.R.S. 117.075.
[4] The Notice of Delinquent Assessment Lien was given pursuant to N.R.S. 117.070 or N.R.S. 116.3116 et seq., N.R.S. 116.3116-116.31168, and the CC&Rs.

4. This removal is timely. Defendant, Ocwen, was served with a copy of Summons and Complaint on October 18, 2013. The Petition for Removal, being filed within 30 days is timely, pursuant to 28 U.S.C. §1446(b).

5. One year has not elapsed from the date of the action in state court commenced.

6. Venue is proper in the unofficial Southern Division of the district pursuant to 28 U.S.C. §1441 (a) because this district embraces the place where the state court action is pending.

7. Pursuant to 28 U.S.C. §1446(a), Defendant, Ocwen, has annexed all process, pleadings, and orders served upon Ocwen, which are annexed hereto as Exhibit C.

8. Pursuant to 28 U.S.C. §1441 (c), a true copy of the original Petition for Removal, excluding exhibits, has been filed concurrently with the Eighth Judicial District Court of the State of Nevada in and for the County of Clark and served upon Plaintiff in this case.

9. Defendant, Ocwen, reserves the right to supplement this Petition for Removal when additional information becomes available to Wells Fargo.

10. Defendant, Ocwen, further reserves all rights, including, but not limited to, defenses, and objections as to venue, personal jurisdiction, and service. The filing of this Petition for Removal is subject to and without waiver of any such defense or objection.

DATED this __7__ day of November, 2013.

WRIGHT, FINLAY & ZAK, LLP

*Christopher L. Benner*
Christopher L. Benner, Esq.
Nevada Bar No. 008963
5532 South Fort Apache Road, Suite 110
Las Vegas, Nevada 89148
*Attorney for Defendant, Ocwen Loan Servicing, LLC*

## CERTIFICATE OF MAILING

I HEREBY CERTIFY that I am an employee of WRIGHT, FINLAY & ZAK, LLP; that service of the foregoing **PETITION FOR REMOVAL** was made on the ___ day of November, 2013, by depositing a true copy of same in the United States Mail, at Las Vegas, Nevada, addressed as follows:

Tisha R. Black, Esq.
Steven Mack, Esq.
BLACK & LOBELLO
10777 West Twain Avenue, Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

_____
An Employee of WRIGHT, FINLAY & ZAK, LLP