TISHA R. BLACK, ESQ.
Nevada Bar No. 005876
STEVEN MACK, ESQ.
Nevada Bar No. 004000
**BLACK & LOBELLO**
10777 W. Twain Ave., 3rd Fl.
Las Vegas, Nevada 89135
(702) 869-8801
(702) 869-2669 (fax)
tblack@blacklobellolaw.com
smack@blacklobellolaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KORONIK, an Individual, | Case No:  2:13-cv-02060-APG-GWF |
| Plaintiff, | |
| v. | |
| OCWEN LOAN SERVICING, LLC, a foreign limited liability company; ROBERT PELLEGRINO, an Individual; THERESA PELLEGRINO, an Individual , DOES 1 through 10; and ROE CORPORATIONS 1 though 10, Inclusive, | **REPLY TO COUNTERCLAIM BY INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION** |
| Defendants. | |
| and | |
| FEDERAL HOME LOAN MORTGAGE CORPORATION; and FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal Home Loan Mortgage Corp., | |
| Intervenors | |
| FEDERAL HOUSING FINANCE AGENCY, as Conservator of the Federal Home Loan Mortgage Corp., | |
| Counterclaimant, | |
| v. | |
| DAVID KORONIK, an individual, | |
| Counter-Defendant | |

Counter-Defendant, David Koronik, by and through his counsel of record, Tisha R. Black, Esq., and Steven Mack, Esq., of Black & LoBello, as and for his Reply to the Counterclaim on file herein, submit the following:

## FIRST CAUSE OF ACTION

### (Declaratory Judgment versus Plaintiff)

1. Answering Paragraph 1 of the Counterclaim, the allegations contained therein are ambiguous and therefore, on that basis, Counter-Defendant denies the same.

2. Answering Paragraphs 2, 3, 4, 5, and 8 of the Counterclaim, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein and therefore denies the same.

3. Answering Paragraphs 6, 7, 9, and 10 of the Counterclaim, Counter-Defendant denies the allegations contained therein.

## SECOND CAUSE OF ACTION

### (Quiet Title versus Plaintiff)

4. Answering Paragraph 1 of the Counterclaim, Counter-Defendant repeats and realleges each and every foregoing Paragraph and incorporates the same by reference as though fully set forth at length herein.

5. Answering Paragraphs 2 and 4 of the Counterclaim, Counter-Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations contained therein and therefore denies the same.

6. Answering Paragraphs 3 and 5 of the Counterclaim, Counter-Defendant admits the allegations contained therein.

7. Answering Paragraphs 6, 7 and 8 of the Counterclaim, Counter-Defendant denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

1. The Counterclaim fails to state a claim against answering Counter-Defendant upon which relief may be granted.

2. The Counterclaimant's claims for relief fail for want of consideration.

3. At all times relevant to the allegations contained in the Counterclaim, Counter-Defendant acted with due care, circumspection, and good faith in the performance of any and all duties imposed on them, including full performance of obligations owed to Counter-Claimant.

4. Counterclaimant's claims are barred by the doctrine of equitable estoppel.

5. There is no cognizable claim for relief known as "damages".

6. Counterclaimant, by its own acts and conduct, waived its right to assert any claim.

7. Damages and injuries, if any, suffered by Counterclaimant are not attributable to any act, conduct, or omission on the part of Counter-Defendant.

8. Each and every action contained in the Counterclaim is barred by Counterclaimant's prior breach of the implied covenant of good faith and fair dealing.

9. Counterclaimant is barred from obtaining any relief from any claim by operation of the doctrine of unclean hands.

10. As to any contract, obligation, or agreement alleged by Counterclaimant to have been breached by Counter-Defendant, any duty of performance by Counter-Defendant was excused by reason of failure of consideration, the adhesive nature of the purported obligation, breach of condition precedent, impossibility, frustration of purpose, waiver and/or acceptance by Counterclaimant.

11. Counter-Defendant denies each and every allegations of Counterclaimant's Counterclaim not specifically admitted or otherwise pled herein.

12. Counterclaimant is barred from obtaining relief for any claim by reason of its failure to mitigate its damages, if any.

13. Counterclaimant is barred from relief for any claim by operation of the doctrine of laches.

14. Counterclaimant's claims are barred by the doctrine of unilateral mistake.

15. If, and to the extent Counter-Defendant is liable to Counterclaimant, Counter-Defendant is entitled to an offset and/or equitable recoupment for the damages owing by Counterclaimant to Counter-Defendant.

16. Counterclaimant should be barred from recovery in whole or in part, in proportion to the fault attributed to Counterclaimant or its agents.

17. The damages claimed by Counterclaimant, if any, were caused whole or by improper acts of third parties over which these replying Counter-Defendant had no control.

18. Counterclaimant's claims under federal law were waived due to intentional failure or negligent failure to take actions to protect it rights pursuant to such statute or rule.

19. Counterclaimant's ignored written notices properly communicated and, therefore, waive any rights associated therewith.

20. Counterclaimant's own actions or failure to act caused its own damages.

21. It has been necessary for the Counter-Defendant to employ the services of any attorney to defend this Counterclaim, and reasonable sums should be allowed as and for attorney's fees, together with the costs expended in this action.

22. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Counter-Defendant's Reply, and therefore, this Replying Counter-Defendant reserves the right to amend this Reply to allege additional affirmative defenses if subsequent investigations so warrant.

Dated this 1st day of October, 2015.

**BLACK & LOBELLO**

*/s/ Steven Mack*
STEVEN MACK, ESQ.
Nevada State Bar No. 004000
10777 W. Twain Ave., Third Floor
Las Vegas, Nevada 89135
*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

Pursuant to F.R.C.P. 5(b) and Electronic Filing Procedure IV(B), I certify that on the 2nd day of October, 2015, a true and correct copy of the **REPLY TO COUNTERCLAIM BY INTERVENOR THE FEDERAL HOUSING FINANCE AGENCY AS CONSERVATOR FOR THE FEDERAL HOME LOAN MORTGAGE CORPORATION**, was transmitted electronically through the Court's e-filing electronic notice system to the attorney(s) associated with this case.  If electronic notice is not indicated through the court's e-filing system. Then a true and correct paper copy of the foregoing document was delivered *via* U.S. Mail.

| | |
|---|---|
| Leslie Bryan Harty, Esq.<br>John D. Tennert, Esq.<br>Fennemore Craig, P.C.<br>300 E. Second St., Suite 1510<br>Reno, NV  89501<br>lhart@fclaw.com<br>jtennert@fclaw.com<br>*Attorneys for Intervenor/Counterclaimant Federal Housing Finance Agency* | Asim Barma, Esq.<br>Howard N. Cayne, Esq.<br>Michael A.F. Johnson, Esq.<br>Arnold & Porter LLP<br>555 12th Street NW<br>Washington, DC  20004<br>Asim.Varma@aporter.com<br>Howard.Cayne@aporter.com<br>Michael.Johnson@aporter.com<br>*Attorneys for Intervenor/Counterclaimant Federal Housing Finance Agency* |

Dana Jonathan Nitz, Esq.
Chelsea A. Crowton, Esq.
Wright Finlay Zak
7785 W. Sahara Avenue, Suite 200
Las Vegas, NV  89117
dnitz@wrightlegal.net
ccrowton@wrightlegal.net
*Attorney for Defendant*
*Ocwen Loan Servicing, LLC, LLC; Substituted Party Nationstar Mortgage, LLC; and Intervenor Federal Home Loan Mortgage Corporation*

            */s/ Jerri Hunsaker*
            Employee of Black & LoBello