UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KORONIK, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:13-cv-02060-GMN-GWF |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NATIONSTAR MORTGAGE, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| and ) | |
| ) | |
| FEDERAL HOME LOAN MORTGAGE ) | |
| CORPORATION; and FEDERAL HOUSING ) | |
| FINANCE AGENCY, as Conservator of the ) | |
| Federal Home Loan Mortgage Corp., ) | |
| ) | |
| Intervenors. ) | |
| _____) | |

This matter is before the Court on Intervenor/Counter-Claimants Federal Home Loan Mortgage Corporation ("Freddie Mac"), Federal Housing Finance Agency ("FHFA"), as Conservator of Freddie Mac, and Defendant Nationstar Mortgage LLC's ("Nationstar") Motion to Stay Discovery Pending Resolution of Their Motion for Summary Judgment (ECF No. 49), filed on November 4, 2016.

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending. *See Skellerup Indus. Ltd. V. City of L.A.*, 163 F.R.D. 598, 600-1 (C.D. Cal. 1995). Ordinarily, a dispositive motion does not warrant a stay of discovery. *See Twin City Fire Insurance v. Employers of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). *See also Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The moving party carries the heavy burden of making a strong showing of why discovery should be denied. *Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Courts have broad discretionary power to control discovery. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir.1988). When deciding whether to grant a stay of discovery, the Court is guided by the objectives of Fed. R. Civ. P. 1 that ensures a "just, speedy, and inexpensive determination of every action." *Kor Media Group*, 294 F.R.D. at 581. The Court may grant a motion to stay discovery when "(1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief." *Kor Media Group*, 294 F.R.D. at 581.

Freddie Mac, FHFA, and Nationstar request a stay of discovery pending a resolution of their Motion for Summary Judgment and represent that Plaintiff does not oppose this request for a stay. After conducting its "preliminary peek" of the Freddie Mac, FHFA, and Nationstar's Motion for Summary Judgment, the Court finds that a stay of discovery is warranted. First, the pending Motion for Summary Judgment, if granted, may resolve all of Plaintiff's claims as well as the counterclaims of FHFA and Freddie Mac. Second, the pending Motion for Summary Judgment can be decided without additional discovery. Finally, the Court is convinced that a stay of discovery is warranted based upon the merits of Freddie Mac, FHFA, and Nationstar's Motion for Summary Judgment. For these reasons, the Court will grant Freddie Mac, FHFA, and Nationstar's Motion to Stay Discovery. Accordingly,

**IT IS HEREBY ORDERED** that Freddie Mac, FHFA, and Nationstar's Motion to Stay Discovery Pending Resolution of Their Motion for Summary Judgment (ECF No. 49) is **granted**.

**IT IS FURTHER ORDERED** that the Court will still conduct the status conference set for **Monday, November 14, 2016 at 10:30 AM**. The parties are directed to advise the Court at the time of the status conference as to whether they wish to stipulate to a stay pending the resolution of *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, No. 15-15233 (2:13-cv-649-PMP-NJK).

DATED this 10th day of November, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge