UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID KORONIK, an individual,  )<br>                                                         )<br>                          Plaintiff,         )<br>       vs.                                             )<br>                                                         )<br>NATIONSTAR MORTGATE LLC *et al.*, )<br>                                                         )<br>                         Defendants,      )<br>                                                         )<br>FEDERAL HOME LOAN MORTGAGE )<br>CORPORATION; and FEDERAL HOUSING )<br>FINANCE AGENCY,                          )<br>                                                         )<br>                         Intervenors,      )<br>                                                         )<br>FEDERAL HOME LOAN MORTGAGE )<br>CORPORATION; FEDERAL HOUSING )<br>FINANCE AGENCY,                          )<br>                                                         )<br>                         Counterclaimants, )<br>       vs.                                             )<br>                                                         )<br>DAVID KORONIK, an individual,    )<br>                                                         )<br>                         Counter-Defendant. )<br>                                                         ) | Case No.: 2:13-cv-2060-GMN-GWF<br><br>**ORDER** |

   Pending before the Court is the Motion for Summary Judgment (ECF No. 48) filed by Defendant Nationstar Mortgage LLC ("Defendant") and Intervenors Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal Housing Finance Agency ("FHFA") (Freddie Mac and FHFA collectively, "Intervenors").  Plaintiff/Counter-Defendant David Koronik ("Koronik") filed a Response (ECF No. 52), and Defendant and Intervenors filed a Reply (ECF No. 54).

## I. BACKGROUND

The present action involves the interplay between Nevada Revised Statutes § 116.3116 and 12 U.S.C. § 4617 as it relates to the parties' interests in real property located at 1809 Calle De Vega, Las Vegas, NV, 89102 (the "Property"). On August 13, 2007, Robert Pellegrino ("Pellegrino") obtained a loan in the amount of $376,200 from lender Taylor, Bean & Whitaker Mortgage Corp. ("Lender") that was secured by a Deed of Trust on the Property. (Deed of Trust, Ex. A to MSJ, ECF No. 48-1).[1] The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary and Fidelity National Title as the trustee. (*Id.*). Freddie Mac purchased the Pellegrino Loan on September 13, 2007, and has owned it ever since. (*See* Meyer Decl. ¶¶ 5.d., n., Ex. B to MSJ, ECF No. 48-1).

On September 6, 2008, FHFA's Director placed Fannie Mae and Freddie Mac into conservatorships pursuant to HERA. (MSJ 5:18–20, ECF No. 48).

On October 12, 2011, Nevada Association Services, Inc. ("NAS"), as agent for Spanish Oaks Estates (the "HOA"), recorded a Notice of Delinquent Assessment Lien against the Property for $2,948.40. (Not. of Delinquent Assessment Lien, Ex. O to MSJ, ECF No. 48-3). Then, on December 2, 2011, NAS recorded a Notice of Default and Election to Sell, warning that the HOA would foreclose on its lien unless the assessment payments were brought up to date. (Not. of Default and Election to Sell, Ex. P to MSJ, ECF No. 48-3). Koronik subsequently purchased the Property as the highest bidder at the August 16, 2013 foreclosure sale. (Foreclosure Deed, Ex. Q to MSJ, ECF No. 48-3). At no time during the process did FHFA, as conservator of Freddie Mac, consent to the HOA's foreclosure. (*See* Meyer Decl. ¶ 5.n.).

---

[1] The Court takes judicial notice of Exhibits A, C, D, E, O, P, Q to Defendant and Intervenors' Motion for Summary Judgment. (*See* ECF No. 48); *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Each of these documents is publicly recorded in the Clark County Recorder's Office.

On January 6, 2011, MERS assigned its beneficial interest in the Deed of Trust to Ocwen Loan Servicing, LLC ("Ocwen"). (Assignment of Deed of Trust, Ex. C to MSJ, ECF No. 48-1).  A second assignment from MERS to Ocwen was recorded on August 8, 2013. (Second Assignment of Deed of Trust, Ex. D to MSJ, ECF No. 48-1).  Then, Ocwen assigned its beneficial interest in the Deed of Trust to Defendant, which was recorded on October 28, 2013. (Third Assignment of Deed of Trust, Ex. E to MSJ, ECF No. 48-1).

Koronik initiated this action by filing the original complaint in state court on October 7, 2013, asserting claims for quiet title, declaratory relief, and unjust enrichment against Ocwen and Pellegrino. (Compl. ¶¶ 12–18, Ex. C to Pet. for Removal, ECF No. 3-3).  Ocwen subsequently removed the action to this Court on November 7, 2013. (Pet. for Removal, ECF No. 1).  On June 25, 2014, Ocwen filed its Answer. (Ans. to Compl., ECF No. 13).

On January 29, 2015, the Court entered an Order granting the parties' Stipulation, which substituted Defendant for Ocwen and granted the Intervenors permission to intervene. (Order on Stipulation, ECF No. 20).  The Intervenors subsequently filed an Answer, asserting counterclaims against Koronik. (Ans. to Compl. & Counterclaims, ECF No. 22).[2]  Then, on November 4, 2016, Defendant and Intervenors filed the pending Motion for Summary Judgment. (MSJ, ECF No. 48).

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

---

[2] The Intervenors counterclaims are (1) Declaratory Judgment and (2) Quiet Title. (Ans. to Compl. & Counterclaims 5:12–7:5).  These counterclaims are merely the converse of Koronik's claims in his Complaint. As such, a resolution of the claims in this case also resolves the Intervenors' counterclaims.

(1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is

sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).  In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).  Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249.  The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255.  But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III.   DISCUSSION

In the instant Motion for Summary Judgment, Defendant and Intervenors request that the Court declare that "12 U.S.C. § 4617(j)(3) preempts any Nevada law that otherwise would permit a foreclosure of an HOA lien to extinguish a property interest of Freddie Mac while it is under FHFA's conservatorship," "the HOA Sale did not extinguish Freddie Mac's interest in the Property and thus the Deed of Trust continues to encumber the Property," and "any interest of [Koronik] in the Property is subject to Freddie Mac's first secured interest in the Property." (MSJ 18:3–14).

The Court addressed the applicability of 12 U.S.C. § 4617(j)(3) in *Skylights LLC v. Fannie Mae*, 112 F. Supp. 3d 1145 (D. Nev. 2015).  After addressing many different arguments regarding the applicability of section 4617(j)(3), the Court held that the plain language of section 4617(j)(3) prohibits property of FHFA from being subject to a foreclosure without its consent. *Id.* at 1159.

1  Here, Freddie Mac has held an interest in the Property since September 13, 2007. (*See*
2  Meyer Decl. ¶¶ 5.d., n.).  Accordingly, because FHFA held an interest in the Deed of Trust as
3  conservator for Freddie Mac prior to the HOA foreclosure, section 4617(j)(3) prevents the
4  HOA's foreclosure on the Property from extinguishing the Deed of Trust.[3]

5  IV.     **CONCLUSION**

6  **IT IS HEREBY ORDERED** that Defendant and Intervenors' Motion for Summary
7  Judgment (ECF No. 48) is **GRANTED**.  The Court finds that 12 U.S.C. § 4617(j)(3) preempts
8  Nevada Revised Statutes § 116.3116 to the extent that a homeowner association's foreclosure
9  of its super-priority lien cannot extinguish a property interest of Fannie Mae or Freddie Mac
10 while those entities are under FHFA's conservatorship.  Accordingly, the HOA's foreclosure
11 sale of its super-priority interest on the Property did not extinguish Freddie Mac's interest in the
12 property secured by the Deed of Trust or convey the Property free and clear to Koronik.

13 **IT IS FURTHER ORDERED** that Defendant and Intervenors are granted summary
14 judgment on all of Koronik's claims and Intervenors' counterclaims.

15 The Clerk of Court shall enter judgment accordingly and close the case.

16 **DATED** this   30   day of December, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Court

---

[3] Neither party discusses Koronik's claim for unjust enrichment.  However, because the Court finds in favor of Defendant and Intervenors on the quiet title and declaratory relief claims, any unjust enrichment claim against Defendant necessarily fails.  Moreover, it appears that neither Defendant nor Intervenors are the proper party regarding this claim.  Koronik's unjust enrichment claim states: "Plaintiff has suffered damages in the amount paid at foreclosure, the amount paid and continued to be paid to [the HOA] pursuant to the recorded Covenants, Conditions and Restrictions as well as rules and regulations, and all associated and related charges, costs and fees." (Compl. ¶ 24).  As such, this claim appears to be against either Nevada Association Services, Inc., the HOA's agent that sold the Property to Koronik, or the HOA from whom Koronik purchased the Property and continues to pay fees related to the Property, neither of whom are parties to this case.  Accordingly, the Court grants Defendant and Intervenors summary judgment on Koronik's unjust enrichment claim as well.